BESSEMER COAL & COKE CO. v. HEINER,
Collector of Internal Revenue.

SAME v. LEWELLYN.

District Court, W. D. Pennsylvania.
February 14, 1928.

Nos. 3070, 3074.

Internal revenue ⬅9(20)—Corporation maintaining corporate offices, holding directors' meetings, paying officers' salaries, and managing properties and affairs, held liable for capital stock taxes (Revenue Acts 1918, 1921, § 1000 [Comp. St. 5980n]).

Corporation organized for purpose of acquiring coal lands and operating and managing properties, which corporation owned all capital stock of another coal company holding 400 acres of undeveloped coal lands, and which made advances of legal expenses and taxes, and bought and sold securities and bonds, and maintained corporate offices, *held* directors' meetings, paid officers' salaries, and managed generally properties and affairs of company and its subsidiaries, was engaged in business, and was liable for capital stock taxes under Revenue Acts 1918 and 1921, § 1000 (Comp. St. § 5980n).

At Law. Actions by the Bessemer Coal & Coke Company against D. B. Heiner, Collector of Internal Revenue for the Twenty-Third District of Pennsylvania, and against C. G. Lewellyn, formerly Collector of Internal Revenue, which actions were tried together. Judgment in accordance with opinion.

Smith, Shaw & McClay of Pittsburgh, Pa., for plaintiff.

Jno. D. Meyer, U. S. Atty., of Pittsburgh, Pa., and C. M. Charest and L. H. Baylies, both of Washington, D. C., for defendants.

SCHOONMAKER, District Judge. This action, and that of the Bessemer Coal & Coke Co. v. C. G. Lewellyn, formerly collector of internal revenue, at No. 3074 Law, were tried together without a jury trial, a jury trial having been waived. Both are for the recovery of capital stock taxes alleged to have been erroneously paid by the plaintiff under the provisions of section 1000 of the Revenue Acts of 1918 and 1921 (Comp. St. § 5980n).

From the pleadings and the proofs we make the following findings of fact applicable to both cases:

### Findings of Fact.

The plaintiff paid to D. B. Heiner, collector of internal revenue, the sum of $10,630, as capital stock taxes for the taxable year beginning July 1, 1919, and ending June 30, 1923, and to C. G. Lewellyn, formerly collector of internal revenue, the sum of $2,394, capital stock taxes for the taxable year ending June 30, 1921. These taxes were paid under protest. Due claim was made for refundment to the Commissioner of Internal Revenue, and refused.

The plaintiff was incorporated as a Pennsylvania corporation on October 17, 1902, with the following corporate powers:

"Purchasing, leasing, and acquiring coal lands, and of operating, controlling, and managing properties for the mining of coal and the manufacture of coke in the state of Pennsylvania, and other states, of mining, preparing for market, selling, and shipping coal and its products, and of purchasing, leasing, renting, and acquiring in the state of Pennsylvania, and other states, land and other property necessary or convenient in mining, preparing for market, and shipping coal and its products, and doing the business of the company."

Throughout the taxable periods involved herein, the plaintiff, in its capital stock returns, stated its business as follows: In the 1920 return: "Mining and shipping coal, dealing in coal properties." In the 1921 return: "Mining coal and dealing in coal properties." In the 1922 return: "Mining coal and dealing in coal properties. (No mining operations 1920.)" In the 1923 return: "Owner of coal lands through Harmar-Indianola Coal Company."

Throughout the taxable years in question, the plaintiff owned all of the capital stock of the Harmar Coal Company, which company held 400 acres of undeveloped coal lands, and which company also owned all of the capital stock of the Indianola Coal Company, which owned, throughout the taxable period, 5,000 acres of coal lands.

Throughout the taxable period, the plaintiff made advances of legal expenses, taxes; made payments on principals of the Harmar Company notes and interest on the same; bought and sold securities and bonds; bought stock in 1922 of the Union Collieries Company for the sum of $1,195,000, this company owning large coal properties.

During the whole taxable period, this company maintained corporate offices, held directors' meetings, paid officers' salaries, and managed generally the properties and affairs of the company and its subsidiaries.

### Conclusions of Law.

Under this state of facts, we conclude that the plaintiff was engaged in business and was legally liable for the excise capital stock taxes paid by it, and that it was not

entitled to recover. We make this finding for the reasons stated in an opinion filed this day in the case of Harmar Coal Co. v. D. B. Heiner, at No. 3071 Law, 26 F.(2d) 729.